Tower 570 Co., L.P. v Miller & Wrubel P.C. (2023 NY Slip Op 00970)

Tower 570 Co., L.P. v Miller & Wrubel P.C.

2023 NY Slip Op 00970

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 654658/18 Appeal No. 17384 Case No. 2022-02975 

[*1]Tower 570 Company, L.P., Plaintiff-Appellant,
v
Miller & Wrubel P.C., et al., Defendants-Respondents.

Cozen O'Connor, New York (Jesse Ryan Loffler of counsel), for appellant.
LaReddola, Lester & Associates, LLP, Garden City (Steven M. Lester of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered April 27, 2022, which, to the extent appealed from, granted the cross motion of defendants Joel Miller, Charles Jacob III, Martin Edel, and Adam Safer (collectively, the individual defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The individual defendants, who were principals of defendant tenant Miller & Wrubel P.C., established their entitlement to summary judgment by demonstrating that plaintiff landlord's claims are barred under the broad waiver of liability in paragraph 48 of the commercial lease. Paragraph 48 unambiguously provides that (1) no property or assets of the individual defendants "shall be subject to levy, execution or other enforcement procedure for the satisfaction of Owner's remedies" under the lease, and (2) plaintiff would not be able to make creditor claims against the individual defendants for "any portion of any distribution . . . consistent with Tenant's customary past practice." Contrary to plaintiff's contention, in denying the individual defendants' earlier motion to dismiss under CPLR 3211, the motion court did not determine that paragraph 48 was ambiguous (see W.W.W. Assoc., Inc. v Giancontieri, 77 NY2d 157, 162 [1990]).
The individual defendants also established that they are entitled to dismissal of plaintiff's constructive and actual fraudulent conveyance claims under former Debtor and Creditor Law §§ 273 through 276. As plaintiff acknowledges, paragraph 48 was designed to preclude the clawback of distributions that occurred in the ordinary course of the law firm's operation for the purposes of fulfilling its obligations under the lease. Although paragraph 48 does not shield extraordinary transfers from scrutiny, none of the challenged transactions are so inconsistent with defendant tenant's customary practices that paragraph 48 would foreclose them (see In re Metro Water and Coffee Servs., Inc., 157 BR 742, 747 [Bankr WD NY 1993]).
Plaintiff's challenges regarding the salary payments to the individual defendants are barred not only under paragraph 48 as customary distributions, but also under the well-established presumption that salaries are made for fair consideration (see e.g. In re TC Liquidations LLC, 463 BR 257, 268 [Bankr ED NY 2011]).
With respect to third-party transfers, there is no evidence in the record that those transfers were extraordinary transactions or were made for anything but fair consideration, thus defeating the Debtor and Creditor Law §§ 273 through 275 claims (see In re Metro Water and Coffee Servs., 157 BR at 746). Nor were the transfers made with the intent to defraud plaintiff as required to prevail under Debtor and Creditor Law § 276 (id.). Similarly, because there was no wrongdoing, Supreme Court correctly dismissed plaintiff's alter ego theory of liability against the individual defendants, as that theory requires plaintiff to show "complete domination [*2]of the corporation . . . in respect to the transaction attacked and that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]).
Finally, Supreme Court correctly dismissed the cause of action for tortious interference with contract. The individual defendants were not strangers to the lease, and thus as a matter of law cannot be liable for tortious interference with the lease (see Foster v Churchill, 87 NY2d 744, 750 [1996]). Moreover, the individual defendants showed that defendant tenant no longer needed to occupy the premises, and thus, that their actions were driven by a bona fide economic interest — namely, the interest in not having defendant tenant continue to pay rent for unneeded office space (see id. at 749-750). Even had the individual defendants undertaken their actions in bad faith, good faith is not required to defeat a cause of action for tortious interference (id. at 751).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023